Filing # 73979476 E-Filed 06/22/2018 01:57:48 PM

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA
CIRCUIT CIVIL CASE NO.:

JEFFREY CONOMY,

       Plaintiff,

vs.

BAYCARE HEALTH SYSTEM, INC.

       Defendant.

_____/

## COMPLAINT

Plaintiff, JEFFREY CONOMY, hereinafter referred to as "PLAINTIFF" by and through his undersigned attorneys, hereby sues the Defendant, BAYCARE HEALTH SYSTEM, INC. hereafter referred to as "DEFENDANT" and alleges as follows:

### JURISDICTION AND VENUE

1. This is an action for damages in excess of $15,000.00.

2. Venue lies within Pinellas County because a substantial part of the events giving rise to this claim arose in this Judicial District.

### PARTIES

3. Plaintiff was a resident of Pasco County, Florida.

4. Defendant is a Florida corporation, authorized and doing business in Pinellas County.

### GENERAL ALLEGATIONS

5. At all times material, Defendant acted with malice and with reckless disregard for Plaintiff's Federal and State protected rights.

1

6. At all times material, Plaintiff was qualified to perform his job duties within the legitimate expectations of his employer.

7. Plaintiff has been required to retain the undersigned counsel to represent him in this action and is obligated to pay them a reasonable fee for their services.

8. Plaintiff requests a jury trial for all issues so triable.

## FACTS

9. Plaintiff began his employment in June 2006 as a Registered Polysomnographic Technician (RPSGT).

10. During his twelve years of employment Plaintiff consistently received favorable performance evaluations relating to his job. He also regularly received pay raises as a result of his successful performance.

11. In June 2017 Plaintiff placed Defendant on notice of the need for FMLA Leave.

12. On June 30, 2017 Plaintiff began an approved Family Medical Leave of absence due to a serious health condition.

13. Upon his return from FMLA leave on September 8, 2017 Plaintiff was administered a performance evaluation. Although he met or exceeded his performance objective on an overall basis, his manager negatively commented regarding events and absences that were protected by the FMLA.

14. On September 14, 2017, only days after returning from FMLA leave Plaintiff was made to stay during the aftermath of Hurricane Irma when most of the team was sent home. Plaintiff's manager stated, "I don't want this to look like I'm punishing you, but a lot of people had to work hard while you were out on FMLA".

15. Prior to his taking FMLA Plaintiff primarily worked at Defendant's North Bay

2

Hospital, a location approximately five miles from his home. Upon his return Plaintiff began to be scheduled at Defendant's Countryside and Bardmoor facilities. The Bardmoor facility was an hour and a half drive each way for Plaintiff.

16. On December 26, 2017 Plaintiff sent a respectful email to his manager asking why since his return from FMLA he only was scheduled to work at North Bay on one occasion.

17. In response Plaintiff was told to come to the Countryside facility to meet with his manager.

18. Plaintiff believed he would be discussing his scheduling inquiry. Instead Plaintiff was presented with a final written warning. The written warning was for absences, many of which were for days while he was out on protected FMLA leave or otherwise were for tardies or absences protected by the FMLA.

19. On December 29, 2017 Plaintiff emailed his manager's boss, Bob Hayward, to address the unlawful write up and his concern that he was being retaliated against for taking FMLA leave.

20. On or about January 10, 2018 Mr. Hayward finally met with Plaintiff regarding his concerns. He told Plaintiff he would set up a meeting with himself, Plaintiff and Plaintiff's manager to discuss the write up and to address scheduling him back at the North Bay facility. He also stated to Plaintiff "people tend to abuse FMLA".

21. The meeting promised by Mr. Hayward never occurred. Instead Plaintiff was terminated two weeks later on January 25, 2018.

## COUNT I
## FAMILY MEDICAL LEAVE ACT – INTERFERENCE

22. Plaintiff realleges and adopts the allegations stated in Paragraphs 1 – 21.

3

23. Defendant's actions interfered with Plaintiff's lawful exercise of his FMLA rights.

24. Defendant's actions constitute violations of the FMLA.

25. As a result of Defendant's unlawful actions Plaintiff has suffered damages.

WHEREFORE, Plaintiff prays for judgment against Defendant for the following damages:

    a. Back pay and benefits;

    b. Interest;

    c. Liquidated damages;

    d. Attorneys' fees and costs;

    e. Equitable relief;

    f. Reinstatement;

    g. Such other relief as is permitted by law.

## COUNT II
## FMLA DISCRIMINATION/RETALIATION

26. Plaintiff realleges and adopts the allegations stated in Paragraphs 1 – 21.

27. Defendant retaliated against Plaintiff for asserting his FMLA rights.

28. Defendant's actions constitute violations of the FMLA.

29. As a result of Defendant's actions Plaintiff has suffered damages.

WHEREFORE, Plaintiff respectfully requests all legal and equitable relief allowed by law including judgment against Defendant for back pay and future benefits, front pay and benefits, liquidated damages, prejudgment interest, payment of reasonable attorneys' fees and costs incurred in the prosecution of the claim and such other relief as the Court may deem just and proper.

Dated this 22nd day of June 2018.

                                FLORIN, GRAY, BOUZAS, OWENS, LLC

                                /s/Wolfgang M. Florin
                                Wolfgang M. Florin
                                Florida Bar No. 907804
                                Primary: wolfgang@fgbolaw.com
                                Secondary: E-filing@fgbolaw.com
                                              tina@fgbolaw.com
                                Christopher D. Gray
                                Florida Bar No.: 0902004
                                chris@fgbolaw.com
                                16524 Pointe Village Drive, Suite 100
                                Lutz, FL 33558
                                Telephone (727) 254-5255
                                Facsimile (727) 483-7942
                                Attorneys for Plaintiff